IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02270-WDM-BNB

GARY GRADY,

Applicant,

v.

AL ESTEP, Warden of L.C.F. and
COLORADO ATTORNEY GENERAL,

Respondents.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** (the "Application"), filed by Gary Grady (the "petitioner") on November 9, 2005. The respondents filed an Answer on March 16, 2006, and the petitioner filed his Traverse on April 11, 2006. For the following reasons, I respectfully RECOMMEND that the Application be DENIED.

## I.  THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, his application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find that the claims are procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. Demarest, 130 F.3d at 941.

## II.  BACKGROUND

In April 2002, the petitioner pled guilty to Possession with Intent to Distribute a Schedule II Controlled Substance, a class 3 felony in violation of section 18-18-405, C.R.S., and Possession of a Weapon by a Previous Offender, a class 5 felony in violation of section 18-12-108, C.R.S. *Answer*, Exhibit B, p. 1.

At the sentencing hearing on June 27, 2002, the sentencing judge imposed a sentence of sixteen years on the controlled substance count and three years on the weapons count, to be served concurrently.  *Answer*, Exhibit A, p. 2.  The petitioner did not file a direct appeal. *Application*, p. 2, ¶ 1.

The petitioner filed a motion for postconviction relief on April 9, 2003.  *Answer*, Exhibit A, p. 2.  The motion asserts that the petitioner's sentence is unconstitutional under Apprendi v. New Jersey, 520 U.S. 466 (2000), because the trial court imposed a sentence beyond the twelve year statutory maximum presumptive range for a class 3 felony.  Id.  The trial court denied the motion.  Id.  The Colorado Court of Appeals upheld the trial court's denial on May 19, 2005, and the Colorado Supreme Court denied the petitioner's Petition for Writ of Certiorari on October 11, 2005.  Id. at Exhibits D and F.

## III.  ANALYSIS

The Application's sole claim alleges that the petitioner's sentence is unconstitutional because it is beyond the twelve year statutory maximum presumptive range for a class 3 felony. *Application*, p. 5.  The respondents concede that the Application is timely and that the petitioner has exhausted his claim.  *Answer*, pp. 3-6.  Therefore, the Application can be granted only if the adjudication of the petitioner's claim resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

The petitioner's claim alleges the following:

> I entered a plea of guilty to a felony of possession with intent to distribute a schedule II controlled substance and possession of a weapon by a previous offender.  By statute, § 18-1.3-401(1)(a)(V)(A), 6 C.R.S., the possession charge (the only charge challenged herein), is punishable by a presumptive range sentence of 4-12 years.  However, the Court applied a subsection of the same sentencing statute (§ 18-1.3-401(10)(a)), to my offense to increase the sentencing range from 4-12 years to 5-16 years, then imposed a sentence of 16 years.  At no time was I advised, or did I admit to the necessary sentence enhancing element required for increase of the statutory maximum sentencing range.  Accordingly I contend that my sentence as currently imposed violates my Sixth and Fourteenth Amendment rights as determined by the United States Supreme Court's mandates.

*Application*, p. 5.

In Apprendi, the Supreme Court invalidated a New Jersey hate-crime statute that permitted the sentencing judge to impose a sentence beyond the applicable statutory maximum based on a post-conviction judicial finding that the crime was committed "with a purpose to intimidate . . . because of race, color, gender, handicap, religion, sexual orientation or ethnicity." 520 U.S. at 468-69.  The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490.

Two years later, the Court applied the rule of Apprendi to invalidate an Arizona statute which permitted the sentencing judge to impose the death penalty following a jury adjudication of

a defendant's guilt of first-degree murder if the judge determined the existence of aggravating factors. Ring v. Arizona, 536 U.S. 584 (2002).

In 2004, the Court applied the rule of Apprendi to invalidate a Washington State sentencing scheme which allowed the sentencing court to exceed the statutory maximum if the sentencing judge found a "substantial and compelling reason." Blakely v. Washington, 542 U.S. 296 (2004). The Court stated:

> Our precedents make clear . . . that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

Id. at 303-04 (internal quotations and citations omitted) (emphasis in original).

The Colorado Court of Appeals denied the petitioner's claim on the following basis:

> Unlawful possession of a schedule II controlled substance with intent to distribute is a class three felony. Section 18-18-405(2)(a)(I)(A), C.R.S. 2004. Although the presumptive sentencing range for most class three felonies is four to twelve years imprisonment, § 18-1.3-401(1)(a)(V)(A), C.R.S. 2004, unlawful possession of a schedule II controlled substance with intent to distribute is an "extraordinary risk of harm" crime with a presumptive sentencing range of four to sixteen years. Section § [sic] 18-1.3-401(10)(a), (b)(XI), C.R.S. 2004; People v. Greymountain, 952 P.2d 829 (Colo. App. 1997) (the General Assembly modified the presumptive sentencing ranges for those offenses enumerated as "extraordinary risk of harm" crimes).
>
> In this case, the trial court imposed the maximum presumptive range sentence: sixteen years.
>
> Defendant subsequently filed this postconviction motion in which he alleged, as relevant here, that his sixteen-year sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 . . .

5

(2000), and its progeny because it exceeded the maximum presumptive length sentence for a class three felony that was not classified as an "extraordinary risk of harm" offense. The trial court denied relief in a written order without conducting an evidentiary hearing or appointing counsel. Defendant then filed this appeal.

A motion under Crim. P. 35(c) may be denied without a hearing if the claims are without merit as a matter of law. People v. Hartkemeyer, 843 P.2d 92, 93 (Colo. App. 1992).

Here, defendant argues that his sentence is unconstitutional because "there are factual findings implicit in the 'extraordinary risk' label that should be pled and proven beyond a reasonable doubt before the sentencing range can be increased, and the fact they are not renders a sentence under the statute unconstitutional" pursuant to the principles outlined in Apprendi v. New Jersey, supra. We are not persuaded.

In Apprendi v. New Jersey, supra, 530 U.S. at 490, . . . the Supreme Court held that, under the Sixth Amendment to the United States Constitution, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Accordingly, the Apprendi Court struck down a New Jersey "hate crime" law that provided for an "extended term" of imprisonment if the trial court made a factual finding by a preponderance of the evidence.

In Blakely v. Washington, 542 U.S. ___, . . . (2004), the Supreme Court applied Apprendi and struck down a Washington statute that permitted a judge to impose a sentence above the statutory maximum on the basis of facts other than those found by the jury or admitted by the defendant. In so doing, the Court reemphasized that imposition of such an aggravated range sentence violated a defendant's Sixth Amendment right to trial by jury.

Here, unlike in Apprendi or Blakely, defendant's guilty plea exposed him, by operation of statute, to an increased presumptive sentencing range. See People v. Greymountain, supra. Although defendant is correct in his assertion that the classification of a particular crime as an "extraordinary risk of harm" offense rests on an implicit factual determination concerning the gravity of the offense involved, that factual determination was made by the General Assembly in furtherance of its decision to increase the

6

>presumptive sentencing range for <u>all</u> persons convicted of the listed offenses. Therefore, the imposition of a sentence within this increased presumptive sentencing range does not implicate <u>Apprendi</u>, <u>Blakely</u>, or any of the Supreme Court's other decisions prohibiting the imposition of a sentence beyond the presumptive range based on judicially-determined facts. . . .

*Answer*, Exhibit D.

The Colorado Court of Appeals correctly distinguished the petitioner's case from <u>Apprendi</u> and its progeny. The petitioner pled guilty to Possession with Intent to Distribute a Schedule II Controlled Substance, a class 3 felony in violation of § 18-18-405, C.R.S. The presumptive sentencing range for most class 3 felonies is four to twelve years as found in section 18-1.3-401(1)(a)(V)(A), C.R.S.:

>As to any person sentenced for a felony committed on or after July 1, 1993, felonies are divided into six classes which are distinguished from one another by the following presumptive ranges of penalties which are authorized upon conviction:

| Class | Minimum Sentence | Maximum Sentence | Mandatory Period of Parole |
|---|---|---|---|
| 1 | Life imprisonment | Death | None |
| 2 | Eight years imprisonment | Twenty-four years imprisonment | Five years |
| 3 | Four years imprisonment | Twelve years imprisonment | Five years |
| 4 | Two years imprisonment | Six years imprisonment | Three years |
| 5 | One year imprisonment | Three years imprisonment | Two years |
| 6 | One year imprisonment | Eighteen months imprisonment | One year |

The presumptive sentencing range for the petitioner's crime, however, is found in section 18-1.3-401(10)(a), C.R.S., which provides:

>The general assembly hereby finds that certain crimes which are listed in paragraph (b) of this subsection (10) present an

> extraordinary risk of harm to society and therefore, in the interest of public safety, for such crimes which constitute class 3 felonies, the maximum sentence in the presumptive range shall be increased by four years; for such crimes which constitute class 4 felonies, the maximum sentence in the presumptive range shall be increased by two years; for such crimes which constitute class 5 felonies, the maximum sentence in the presumptive range shall be increased by one year; for such crimes which constitute class 6 felonies, the maximum sentence in the presumptive range shall be increased by six months.

Paragraph (b)(XI) of subsection (10) lists "[u]nlawful distribution, manufacturing, dispensing, sale, or possession of a controlled substance with the intent to sell, distribute, manufacture, or dispense, as defined in section 18-18-405"--the crime for which the petitioner pled guilty--as one of the crimes that presents an extraordinary risk of harm to society. Thus, the presumptive range for the petitioner's crime is four to sixteen years.

The petitioner's sentence is not the result of any judicial determination of additional facts; it is the result of the General Assembly's determination that this crime should have a different presumptive range than other class 3 felonies. Therefore, the appellate court's decision is not contrary to, nor do it involve a unreasonable application of, federal law. Consequently, I find no basis to grant the Application.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474

U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 16, 2006.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge