IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-CV-02270-WDM-BNB

GARY GRADY,

    Applicant,

v.

AL ESTEP, Warden, L.C.F., and
COLORADO ATTORNEY GENERAL,

    Respondents.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Boyd N. Boland, issued October 16, 2006 (Docket No. 20), that Applicant Gary Grady's "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (Docket No. 2) (the "Application") be denied. Applicant filed a timely objection to the recommendation (Docket No. 23) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). As Applicant is proceeding *pro se*, I must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). Having reviewed the pertinent portions of the record in this case including the Application, the

PDF Final

answer, the traverse, the recommendation, and Applicant's objections, I find that the recommendation should be accepted for the following reasons.

## Background

In April 2002, pursuant to a plea agreement, Applicant pled guilty to a charge of Possession with Intent to Distribute a Schedule II Controlled Substance (the "Controlled Substance Charge"), a class three felony under Colo. Rev. Stat. § 18-18-405, and Possession of a Weapon by a Previous Offender (the "Weapon Charge"), a class 5 felony under Colo. Rev. Stat. § 18-12-108. In Colorado the presumptive sentencing range for class three felonies is eight to sixteen years. *See* Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A). Under the statute, however, certain felonies are classified as presenting an "extraordinary risk of harm to society" ("Extraordinary Risk Provision") and, therefore, the presumptive sentencing range is set higher. *Id.* § 18-1.3-401(10). For class three felonies that fall in the Extraordinary Risk Provision, the presumptive range is increased by four years, making it twelve to sixteen years. *Id.* Possession of a controlled substance with the intent to distribute, Colo. Rev. Stat. § 18-18-405, is one of the class three felonies for which the presumptive range is increased. Therefore, at the June 27, 2002 sentencing hearing the trial court imposed a sentence of sixteen years for the Controlled Substance Charge pursuant to the Extraordinary Risk Provision and three years for the Weapon Charge, to be served concurrently.

Applicant did not appeal his sentence. On April 9, 2003, Applicant filed a motion for post conviction relief arguing that his sentence, as imposed under the Extraordinary Risk Provision, violated due process under *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (holding unconstitutional a state statute which allowed a sentencing court to

increase a sentence upon a further determination of fact), because it was in excess of the presumptive range for class three felonies. The trial court denied Applicant's motion without a hearing or appointing counsel. The Colorado Court of Appeals ("CCA") affirmed the trial court on May 19, 2005. Applicant petitioned for certiorari to the Colorado Supreme Court but the petition was denied on October 11, 2005. Applicant initiated this habeas petition on October 26, 2005 and filed it on November 9, 2005.

Legal Standard

As Applicant filed his Application after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs my review. *Cannon v. Mullin*, 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999)). Under the AEDPA, a district court may only consider a timely[1] habeas petition when the applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before an application may be considered, however, the Applicant must have exhausted all available state remedies.[2] *Id.* § 2254(b). The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

---

[1] In this case, it is undisputed that Applicant timely filed the Application.

[2] It is also undisputed that Applicant exhausted his state remedies.

that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

A state court decision is "contrary to" clearly established Federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent*, 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)). A state court decision involves an "unreasonable application" of clearly established Federal law when "'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the [applicant's] case.'" *Lockyer v. Andrade*, 538 U.S. 63, 75 (2005) (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams*, 529 U.S. at 409–10, 412). A "'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Finally, when analyzing an application, all determinations of factual issues by the State court are presumed to be correct and the Applicant has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Discussion

Applicant argues that he is entitled to habeas relief because his sentence was

unconstitutional under *Apprendi* and its progeny because it exceeded the presumptive range for class three felonies without a jury determination of the facts leading to the enhanced sentence. Magistrate Judge Boland recommends that the Application be denied because the CCA's determination that Applicant's sentencing was in accordance with *Apprendi* and its progeny was not contrary to, or an unreasonable application of, clearly established Supreme Court law nor did it result in a decision that was based on unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Under *Apprendi*, the "Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by the jury or admitted by the defendant." *Cunningham v. California*, 127 S.Ct. 856, 860 (2008) (citing *Apprendi*, 530 U.S. 466; *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005)). "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303 (emphasis in original) (citing *Ring v. Arizona*, 536 U.S. 584, 602 (2002)).

In this case, the CCA determined that Applicant's sentencing did not run afoul of *Apprendi* because his "guilty plea exposed him, by operation of statute, to an increased <u>presumptive</u> sentencing range." (CCA Opinion, Docket No. 15-2 at 37 (emphasis in original.) The CCA noted that the crime was not classified as an "extraordinary risk of harm" offense by the sentencing judge, but rather by the General Assembly. *Id.* Therefore, the CCA determined that *Apprendi* was not implicated in this case as the sentencing court merely employed the applicable, albeit different than that for other

PDF Final 5

class three felonies, presumptive sentencing range as defined by the legislature. *Id.* Magistrate Judge Boland concluded that this determination was not contrary to, or an unreasonable application of, established Supreme Court law under *Apprendi* because Applicant was not subjected to an enhanced sentence resulting from any judicial determination of additional facts; rather, Applicant was subjected to the presumptive sentencing range for the crime to which he pled guilty. I agree.

In this case, the sentencing judge did not have to make separate findings of fact to sentence Applicant above the presumptive range for class three felonies. Instead, the presumptive sentencing range for the particular class three felony to which Applicant pled guilty is simply different than the presumptive range for other class three felonies. Therefore, Applicant's sentence was within the statutory presumptive sentencing range for the crime to which he pled guilty and *Apprendi* is not implicated. Accordingly, I agree with Magistrate Judge Boland that the CCA's determination was not contrary to, or an unreasonable application of, clearly established federal law.

Applicant objects to this recommendation by essentially setting forth the same arguments as he presented in his Application and traverse. He argues that *Apprendi* itself held that "any fact, other than a prior criminal conviction, must be submitted to a jury and proven before it may be used to increase [Applicant's] sentencing range he would otherwise be exposed to on a class 3 felony . . [which] is 4-12 years." (Docket No. 23 at 4.) Applicant also argues that "couching the increase as a sentencing factor/element within the sentencing provisions of the criminal code does not shield it from constitutional scrutiny." *Id.* (citing *Apprendi*, 530 U.S. at 472). Although Applicant is correct in noting that framing additional facts as sentencing factors rather than

elements of the offense does not make constitutional judicial determination of facts which enhance defendant's sentence, such is not the case here. In this case, there are no additional facts framed as sentencing factors, rather there is simply a different presumptive sentencing range for the class three felony to which Applicant pled guilty. Furthermore, I note that Applicant's objection admits that "if a State wants to prescribe a larger range for a particular offense, it must . . . create an entirely new sentencing range for that offense." This is exactly what the Colorado legislature has done here—they have set a higher presumptive sentencing range for certain felonies. Therefore, I conclude that Applicant's sentence did not run afoul of *Apprendi* and he is not entitled to habeas relief.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland (Docket No. 20), issued October 16, 2006, is accepted.

2. Applicant Gary Grady's "Application for Writ of Habeas corpus Pursuant to 28 U.S.C. § 2254" (Docket No. 2) is denied.

3. This case is dismissed with prejudice.


DATED at Denver, Colorado, on November 18, 2008.
BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge